# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2020

Lyle W. Cayce
Clerk

No. 18-41128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KANHUA WU; FEISHENG LIANG,

Defendants-Appellants

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-1-5
USDC No. 4:17-CR-1-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

KanHua Wu and Feisheng Liang were each convicted of (1) possession of cocaine with intent to distribute while on board a vessel subject to the jurisdiction of the United States, and (2) possession of cocaine base with intent to distribute while on board a vessel subject to the jurisdiction of the United States. Wu was sentenced, within the guidelines range, to concurrent 235-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41128

month terms of imprisonment on each count, while Liang was sentenced, also within the guidelines range, to imprisonment for life.  In this appeal, Liang challenges (1) the district court's denial of a hearing on his previously denied motion to suppress evidence after being presented with purportedly new facts and (2) the substantive reasonableness of his life sentence.  Wu challenges the sufficiency of the evidence that he possessed a controlled substance and did so with the intent to distribute.

Liang's first argument, concerning the denial of a hearing on his motion to suppress evidence, is wholly frivolous.  Because Liang is "a citizen and resident of [China] with no voluntary attachment to the United States" and the challenged search occurred in international waters, "the Fourth Amendment has no application" to this case.  *United States v. Verdugo-Urquidez*, 494 U.S. 259, 274-75 (1990).

Liang also fails to show that his life sentence is substantively unreasonable.  Although the district court was initially reluctant to impose a life sentence on a defendant with no criminal history, it concluded that the sheer volume of contraband involved coupled with Liang's untruthful testimony both at trial and during his allocution warranted the within-guidelines life sentence.  Liang fails to show that his life sentence does not account for a 18 U.S.C. § 3553(a) factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Finally, we conclude that the evidence sufficed to prove, beyond a reasonable doubt, that Wu possessed the charged contraband and did so with intent to distribute.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002).  The Government presented

No. 18-41128

video and photographic evidence showing Wu in actual possession of bales of cocaine as he jettisoned them off a Chinese vessel into the ocean.  Moreover, a jury could reasonably conclude that the 848 kilograms of cocaine jettisoned from the vessel—worth more than $67 million—was "too large for any purpose other than distribution."  *United States v. Sanchez,* 961 F.2d 1169, 1176 (5th Cir. 1992); *see United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999).  The jury's decision to convict Wu on both counts was rational.  *See United States v. Lopez-Urbina,* 434 F.3d 750, 757 (5th Cir. 2005).

We AFFIRM the judgments.